# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA

## Orlando Division

Case No. 6:21-cv-1912-PGB-LRH

Robert Louis Isaacs

CARS Asset Partnership, Ltd.

Plaintiff

v.

Steven Allen Isaacs

Albert Isaacs, Estate, (deceased)

Cars Asset Group, LLC

Defendant

Jury Trial (check one)

YES_____ No_____

*2021 NOV 15 PM 1:25*
*U.S. DISTRICT COURT*
*MIDDLE DISTRICT OF FLORIDA*
*ORLANDO, FLORIDA*
*FILED*

## COMPAINT

Plaintiff Robert Louis Isaacs alleges the following:

1. This civil action is brought pursuant to Revised Uniform Partnership Act ("RUPA") and The Revised Uniform Partnership Act and Limited Liability Partnerships ("FRULPA"), and Florida Statutes' 731.103(3) 3 steps to predecease,

1

and 26 U.S. Code 318 Construction of Ownership of Stock, 18 USC 641 Public money, property or records and U.S. Code 156 Dissolution of corporation; trustees and

2. Predeceased not within the law's parameters of The United States Constitution violating the Constitutional Guarantee of the 14th Amendment of due process. UNFULLFILLED and without petition resulting in the failure of ingredient; Affidavit of Diligent Search and Inquiry of Florida Statute 731.103(3) about the 3 steps needed to process the law for plaintiff to be labeled predeceased.

3. Disassociation 15 U.S. Code 156 process less divesting of partnership shares of plaintiff of the partnership assets without valid FRUPLA dissolution and windup process enforcement. 18 U.S. Code 641 illegal conversion process commenced by defendants under multiple Federal Mutual Funds recorders, contracts and filings (premarital agreements of $7,293,823.99 and Secretary of State contract agreements violating 18 US Code 641 Public money, property or records and 26 U.S. Code 723 basis of property contributed to partnership..

## JURISDICTION AND VENUE

4. This court has Jurisdiction over the subject matter of this action pursuant to the 14th Amendment Constitutional right to due process of statute 731.103(3),

2

and constitutional guarantee protection the divesting of one's property without due process of laws of The United States covered under 18 U. S Code 1331 providing District Court Jurisdiction of all laws under The Constitution of The United States.

5. Venus is proper in this district under 28 U.S. Code 1332(2) because the subject matter in controversy exceeds the sum or value of $5,000,000.00, (Five Million dollars).

6. Venue is also proper under 28 U.S. Code 1391 (b) because a substantial part of the events giving rise to this lawsuit occurred in this jurisdiction.

7. This court has venue pursuant to 2005 Florida Code _ Civil Practice and Procedure Venue Chapter 47.011 where the action occurred.

## PARTIES

8. Plaintiff is the Robert Louis Isaacs, (Exhibit, Birth Cert)

9. Plaintiff is the CARS Asset Partnership Ltd.

10. Defendant is Steven Allen Isaacs

11. Defendant is CARS Asset Group, LLC

12. Defendant is Albert Isaacs Estate

13. Defendant is Albert Isaacs, (deceased)

## FACTUAL ALLEGATIONS

14. On November 13, 1998, Albert Isaacs, declares as the General Partner and creates the CARS Asset Partnership, Ltd. multi-million-dollar company in Seminole County, Florida within the laws of FRULPA, and 15 U.S. Code 662 9(A), a private limited liability company entirely.

15. .Robert Louis Isaacs and Steven Allen Isaacs are the limited partners and the capital contributors.

15. On November 13, 1998, Albert swears, "1.) The amount of capital contributions to the partnership made by the limited partner(s) is/are in aggregate of Four-Million Dollars and No/100, ($ 4,000,000.00 dollars)," while 26 U.S.

16. CODE 318 (2) (A)(C) Constructive ownership of stock the 'limited 19.

17. On November 13, 1998, Albert swears, " 2.) At this time, it is not anticipated that additional capital contributions will be made by the limited partners.

18. On November 13, 1998, Albert swears, "…under penalties of perjury to the best of my knowledge and belief", writes Albert Isaacs the " specifics were true

on December 2, 1998, to the Department of Corporations and the limited partners. And true again on 11/13/1998 to the company creation and Notary Public.

19. On November 13,1998, Albert Isaacs again swears, "I hereby agree to act in capacity, and on behalf of the partnership, to accept service of process for the Partnership and to comply with any and all statutes relative to the complete proper performance of the duties of registered agent.

20. On November 13, 1998, the sole owners are the sons by contract verbiage of the General Partner, Albert Isaacs(decedent), awaiting eventual removal or reorganization by dissolution and windup and per "RUPA" and 26 U.S. Code 318

21. On October 20, 2000, Albert Isaacs creates his Premarital Agreement and defines his sons as limited partners on Exhibit B. Case # 12-GA-335 holds the October 20, 2000, created Premarital Agreement in discussion on Public Records in Seminole County, Florida. The agreement was made to separate Albert Isaacs remaining family and the second wife Lydia Korenbrots' remaining families, thus allowing financial protection to allow proper taxes and additional gifts to each's children

22. On October 20, 2000, Albert Isaacs defines his children as Robert L. Isaacs and Steven A. Isaacs. NOT exactly correct as L. is truly "Louis", and A. is truly "Allen" of the sons as on the front page of the Premarital Agreement Case Number 12-GA-335 Seminole County, Fl records.

23. On October 20, 2000, the premarital agreement defines the dollar amounts of the Cars Asset Partnership Ltd. to be Vanguard (A) = $3,125,660.99 and Dean Whitter (A) = $4,168,163.00 total cash equals $7,293,823.99, case # 12-GA-335.

24. At year October 2002 Robert moves out West to enjoy a different climate and Albert provided Robert with funds from his mother's inheritance account jointly held a ride to the train station in Winter Park, Fl.

25. At March 2003 thru 2005 Robert spoke to his father Albert weekly for over 2 years as Albert did with his mother when alive. After almost 2 years Albert Isaacs does not want to speak on the phone, it wastes money and disgruntles 25. Robert as Albert is the holder of all his funds from mothers' inheritance and 'the Partnership'. Robert the phone or returns messages. Limited partner Robert is not consulted in any business transactions or taxes from this time forward.

26. On January 14, 2004, CARS Asset Partnership Ltd. was conversioned to CARS Asset Group LLC, and Robert was not legally included and recorded as prior per court and state records infringing 18 U.S. Code 641. At this time also thru 2004 thru 2021 and today Steven is in possession of the partnership for his own financial gain knowingly in possession of the converted partnership documents omitting Robert as partner with 50% rights from the first Cars Asset Partnership Ltd. company, completing and competing with the 18 U.S. Code 641..

27. Albert did not obey all the laws and regulations of this business according to FRULPA and the Florida Statutes required of this type of business, and broke 17 U.S. Code 1746 Oaths and Acknowledgements to perjury U.S. Code 18 U.S. Code 1621 Perjury generally causing Seven to lie to this day because of Albert as 18 U.S. Code 1622 Subornation of Perjury describes.

28. On August 2009 Albert Isaacs is deemed as "alleged incapacitated" per court records of the Albert Isaacs Estate; Seminole County, Florida.

29 On Exactly August 24, 2009, Albert Isaacs Signs a guardian sheet as "alleged incapacitated.".

30. On Exactly August 24, 2009, Albert Isaacs 'predeceased' son Robert Louis Isaacs, and divests him from the Will without consideration of court petition

7

and procedure of due process per our constitutional guarantee, as plaintiff appears now alive all procedures related to death of plaintiff are null and void from case law. readings and have not been afforded as the following case readings allow and have not been allowed to allow as follows:

31. Case Law has the plaintiff alive and the Estate of Albert Isaacs has plaintiff dead. 'Orlando, FL', 149 So.3d760 District Court of Appeal of Florida, Fifth District. Tommie Lee ANDEREWS, Appellant v. ESTATE OF Mable Louise ANDREWS, Appellee. No 5D14-441. Nov 7, 2014., can't decree death after 39 years, plaintiff is 'appear' not predeceased nor deceased. Exhibit #31A

32. And, Palm 'Beach, Fl', 681 So.2d 903 District Court of Appeal of Florida, Fourth District. Pamela WOODS, etc., Appellant v. The ESTATE of Graham WOODS, Appellee. Nos. 96-1917. 96-2415 Oct. 23, 1996., if I plaintiff were this case 'downed at sea in hurricane', then deceased fits, reasonably plaintiff is 'appear' therefore alive and not reasonable to be dead before 'Albert is dead'.. Exhibit #32A

33. And, "Texas", 159 F.2d 366 Circuit Court of Appeals, Fifth Circuit. CHRISTIENSEN V. CHRISTIENSEN et al., No 11562, Jan. 22, 1947. Case individual was predeceased then a decree of dead was issued but he then appears; then property must be returned at legal rate; as plaintiff 'appear', property must be returned and predeceased removed and this right of due process has not been

admired in Circuit Court, Seminole County, Florida plaintiff is complaining as a violation of plaintiffs constitutional guarantee of the 14th Amendment due process. — Exhibit 33A

34. 'Supreme Court of The United States, SCOTT v. McNEIL. – has put Reasonable Doubt on plaintiff.'

35. And, "Washington D.C.', 14 S.Ct. 1108 Supreme Court of The United States, SCOTT V. McNEAL. et al. . May 14, 1894. Proceedings null and void upon appear, plaintiff, 'appear' here and now, and nobody will remove predeceased. The Robert Louis Isaacs Estate as plaintiff status is predeceased. Dead without decree and cannot collect over $5,000,000.01 from CARS partnership and conversioned CARS LLC prior contributions today as presumed dead and in perpetuality, time of death 'condemnation' U.S. Code 4101 (1). Exhibit 35A

36. And, The State of Florida, Florida Statute 731.103(3) and admiration and administration of these findings of a three-step process are absent from the court records of the plaintiff in estate of Albert Isaacs and the judges' records, plaintiff appears alive here.

37. On exactly August 24, 2009, the same month and year as "alleged incapacitated", decedent Albert Isaacs Predeceased and Excluded Robert Louis Isaacs affecting all his distribution rights while alive to the conversioned

partnership stocks owned directly by the plaintiff-Robert Louis Isaacs; the disassociated 'limited partner'. C. -26 U.S. Code 318 (2)(a) (3)(a)( c), . -Case Law- SCOTT V. McNEAL. et al. No 890. May 14, 1894.

38. On August exactly 2009 the three-step process of law of the Florida Statute 731.103(3) applied in the decedents will has been failed by all parties and all the courts procedures in filings to date claiming and insisting plaintiff Robert Louis Isaacs is predeceased, 'dead' prior to Albert Isaacs. This is a record resulting a condemnation of death sentence put to and on Robert Louis(L.) Isaacs, plaintiff. Causing much pain and confusion. Now is a hindered status which changed the right to life, a due process situation violation. The plaintiffs constitutional guarantee is in question among the partnership conversion and dissolution and windup and a question as to the records of The United States and Seminole County, Florida as any readers view the files of the Albert Isaacs estate publicly.

39. On exactly August 24, 2009, Albert Isaacs will states at page 13; section: ARTICLE XI- CONSTRUCTION OF WILL, the headings and subheadings are for convenience only and not meant to have significance in the interpretation of the body of the Will. This calling the plaintiff; excluded 'and' predeceased are not what Albert Isaacs meant.

40. On exactly February 17 thru 22, 2012, Seminole County, FL Court Records the conversioned Cars Asset Group LLC account values are Vanguard Flagship Partners Account at $5,627,583.99 and Cars Asset Group LLC Account to be $6,116,871.33 on Seminole County Public records totaling $11,744,455.30 and UNKNOWN is still plaintiff status twice without search provable on court records.

41. On exactly June 20, 2015, Albert Isaacs died and the interest rates of a 10-year mutual fund at Vanguard are publicly reported to be paid at 13.08% to 13.24% for 21 years. To date November 2021, the entire account being withheld is allegedly worth $112,438,138.98(million dollars) and plaintiff has been paid nothing so far. Exhibit 6

42. August 2017 Robert appears alive to the Courts of the estates and to his brother Stevens' home-court motions were filed on appearance to Seminole County Judge John D. Galluzzo by plaintiff resulting as case closed with prejudice, no jurisdiction, and lacks jurisdiction.

43. September 21, 2017, Steven the limited partner and brother has stated to plaintiff to never return to his home, he is raising a family. Steven verbally

admits and agrees he owes brother money but he does not know how much. Steven says the documents are prepared to carry on the money the only way they could when I moved out west and quoted, "You left and moved, and I Know dad agreed and helped you get out west!"

44. On exactly October 16, 2019, the Albert Isaacs Estate receive the IRS case notification the $2,789,392.00 is the tax base agreement and if any refunds or additional penalty or refunds are due the IRS will notify the tax payer of the bill or refund, the document is recorded in the Albert Isaacs Estate, Probate; 2015-CP-001755-FA-P Seminole County Public Records, Civil. Exhibit (Ies)

45. On approximately March 2021 Vanguard per phone call states the name Robert Louis Isaacs was scratched from the account but could offer no further information due to the legal technicalities involved.

46. Since 1971 to date of November 10, 2021, and forwardly; Robert Louis Isaacs, beneficiary was never served the Albert Isaacs Revocable Trust for inspection. Trust requires verification by signature by the beneficiaries allowing an objection. A Good Faith contract obligation option to claim an **"Objection"** was offered and withheld twice(2x), by trustee each time amended since 1971. Plaintiff was never ever afforded copy of the trust as it is displayed in Seminole County, FL

probate records case number 2015-CP-001755-FA-P, on pg. 21, (D). Accounting by Trustee), ARTICLE XV -TRUSTEE.

47. As of 11/10/2021 Steven Allen Isaacs has been petitioned by motion form the plaintiff in objection of the Estate of Albert Isaacs probate and guardian cases Seminole County, Fl with no response in any way whatever to every motion, case was closed for lawyer entry only and claimed by the judge, "no jurisdiction".

48. to date, Steven Allen Isaacs thru petition of plenary and ward seized every penny of the Isaacs family Estates of Carmel and Albert Isaacs and left plaintiff, predeceased, excluded, UNKNOWN, disassociated currently and offers plaintiff no assistance collecting the capital contributions from the corporations.

## COUNT 1
### (violation of UPA, RUPA, FRUPA, and FRULPA)

49. By its conduct, Steven Allen Isaacs and Albert Isaacs partners in the CARS Asset Partnership, Ltd and The Cars Asset Group, LLC has violated the Uniform Partnership Act, ("UPA") 1914, of promulgated by the National Conference of Commissioners of Uniform State Laws, ("NCCSL") in 1914, the Revised Uniform Partnership Act ("RUPA") 1994, and the Revised Florida Uniform Partnership Act, ("FRUPA") 1995, the Florida Revised Uniform Partnership Act

("FRUPA") 1995, and the Florida Revised Uniform Limited Partnership Act ("FRULPA") 2005, and 18 U.S. Code 641 among other ways, by:

    a. Failing to allot equally each of the three (3), partners names onto the conversioned, new CARS Asset Group LLC, from the CARS Asset Partnership Ltd, failing to give full effect to retroactive payment ability to date to "limited partner" Robert Louis Isaacs; plaintiff- to date Roberts' shares of the contributions with interest would have promoted his future finances and family- to deny these equal shares of partnership seniority, status and benefits he would have enjoyed, but as said applied currently in Bad Faith for his family benefits and claim abilities by disassociation, but for his partnership.

    b. Denying Robert, the opportunity to participate in company vote, investment opportunities, and financial growth opportunity to better himself and the partnership, but for his partnership.

    c. Denying Robert, the availability of dissolution and windup, to be paid accordingly as a disassociated partner without any notice, but for his partnership.

    d. Denying Robert, the right to investments in and on his own behalf, but for his partnership.

50. All conditions precedent to the filing have of this suit have been performed or have occurred.

51. Robert's disassociation and loss during conversion (18 U. S. Code 641), is not subject to limitations for collection in any way from the Uniform Partnership Act of 1914 ("UPA"), and thru the Revised Uniform Partnership Act ("RUPA"), and the Florida Revised Uniform Partnership Act("FRUPA"), and the Florida Revised Unlimited Limited Liability Partnerships Laws, ("FRULPA") 2005.

## PRAYER FOR RELIEF

52. Robert Louis Isaacs prays that the Court enters judgement against the defendant Steven Allen Isaacs as the Manager of The CARS Asset Group LLC and Albert Isaacs(deceased), and grant the following relief:

a. declare that the CARS Asset Partnerships, Ltd. and CARS Asset Group, LLC, management Steven Allen Isaacs and Albert Isaacs failure to recognize and give full effect to Robert Louis Isaacs constructive participation rights of ownership shares thru conversion was in violation dissolution and windup of Florida's Revised Uniform Limited Partnership Act (FRULPA 2005)

b. declare that Albert Isaacs and Steve Allen Isaacs denial of the duty of loyalty and necessary act of good faith and fair dealings upon Roberts return resulted in incomplete partnership obligations, debts, marshalling, and other liabilities necessary for the appropriation for the partnerships opportunity

was in violation of Florida's Revised Uniform Limited Partnership Act, (FRULPA 2005).

c. Order defendants to comply with Florida's Revised Uniform Partnership Act, (FRULPA 2005) by:

 (1) constructively restore the intended impression of the partnership as if it been correctly handled in good faith from the orders under perjury on filing date of 98 DEC -2 PM 4:30 and require FRE 902 original copies to all parties involved and award all lost income and benefits due as a result of involuntary disassociation of the limited partner Robert Louis Isaacs.

 (2) providing documents be recorder to the Secretary of State Division of Corporations, 'FRULPA compliant', including reasonable time for Robert Louis Isaacs to participate as an equal shareholder and rally buyout.

 (3) interfiling Robert Louis Isaacs' title recognized as 'limited partner' onto the last registered date of CARS Asset Partnership Ltd., recorded by The Secretary of State Division of Corporations time stamp on the 2003 Annual Report(UBR) document #A98000002697 time stamped 03 JAN AM 9:59 ; and carry the title onto the document of CARS Asset Group, LLC Account #

L04000004988 time stamp 04 JAN 14 PM 3:11 page 2 of 2as equal shares Manager, at address; Robert Louis Isaacs @ 211 Caroline St, Apt. N13, Cape Canaveral, Fl 32920 and further record as the court deems necessary.

(4) Should his limited partnership rights merit it, assigning Robert Louis Isaacs equal shares from the date that corresponds to that of the other Limited Partner, November 13, 1998, who took their/the shares of the $4,000,000.00 of the limited partnership investment.

(5) Should his limited partnership rights merit it, constructively promoting Robert Louis Isaacs to Limited Partner with all rights, benefits (including, but not limited to backpay), and seniority that Robert Louis Isaacs would have enjoyed if had been permitted to enjoy the lifestyle in November 1998and had been treated with the same score.

d. Award Robert Louis Isaacs prejudgment interest on the amount of capital contributions and interest found due; and

e. Award, such additional relief as justice may require, together with the costs and disbursements in this action.

53. I Robert Louis Isaacs declare under penalties of perjury pursuant to 28 U.S. Code 1746 that the foregoing is true and correct to the best of my knowledge and belief.

54. I do hereby certify that a true and correct copy of the foregoing and the FRE 902 compliant originals have been furnished by fax_____, electronic mail_____, US mail_____, hand delivered_____, delivered by Sheriff Service_____.

Respectfully submitted,

PLAINTIFF
Robert Louis Isaacs

By Plaintiff:

Robert Louis Isaacs
Plaintiff
/s/ Robert Louis Isaacs

211 Caroline St., Apt N-13
Cape Canaveral, Fl 32920
Telephone: 321-806-6742
Date: November 13, 2021,    Email: rlicarspartnership@gmail.com.

18 of 18 pages and 3112 words: times Roman 14pt compliant.