# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

ROBERT LOUIS ISAACS,

    Plaintiff,

v.                                            Case No:   6:21-cv-1912-PGB-LHP

STEVEN ALLEN ISAACS, ESTATE
OF ALBERT ISAACS and CARS
ASSET GROUP, LLC,

    Defendants

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION DURING DISCOVERY DUE TO BOILER ROOM DEADLOCK TO REQUEST COURT TO SUMMONS DOCUMENTS ASIDE FROM DEFENDANT AS DEFENSE COUNSEL PROVIDE THE COURT AND PLAINTIFF WITH CASE LAW IN RULE 26 PRODUCTION RESPONSES** (Doc. No. 46)
>
> **FILED:** October 28, 2022
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

Plaintiff, proceeding *pro se*, initiated this civil action on November 15, 2021 with the filing of a complaint on behalf of himself and CARS Asset Partnership, Ltd., against Defendants Steven Allen Isaacs, the Estate of Alert Isaacs, and CARS Asset Group, LLC.  Doc. No. 1.  On March 3, 2022, with leave of Court, Plaintiff filed an amended complaint, this time on behalf of himself only and adding CARS Asset Partnership, Ltd., as a Defendant, along with Steven Allen Isaacs, the Estate of Albert Isaacs, and CARS Asset Group, LLC.  Doc. No. 22.  The Court dismissed the amended complaint without prejudice as a shotgun pleading on November 15, 2022, and afforded Plaintiff an opportunity to file another amended pleading.  Doc. No. 50, *see also* Doc. No. 45.  The operative pleading is now the Second Amended Complaint, filed on December 5, 2022, on behalf of Plaintiff only, and against the Estate of Albert Isaacs, Steven Allen Isaacs, and CARS Asset Group, LLC.  Doc. No. 51.  Defendants have filed another motion to dismiss, which remains pending as of the date of this Order.  Doc. No. 53.  In addition, discovery closed in this case on November 1, 2022.  Doc. No. 34.

On October 28, 2022, Plaintiff filed the above-styled motion which, the best the Court can tell, is an attempt to compel Defendants to provide some discovery. Doc. No. 46.  The motion is disjointed and confusing, does not provide legal authority to support the relief it seeks (to the extent the Court can ascertain the relief being requested), and while it lists three categories of documents it appears that

Plaintiff is requesting, it nowhere identifies where or when Plaintiff sought these materials through authorized discovery channels (such as requests for production or interrogatories). *Id.* For this reason, it is also unclear whether Plaintiff properly satisfied the meet and confer requirement set forth in my Standing Discovery Order. Doc. No. 37.[1] And Plaintiff does not cure this deficiency with his attachments, which consist primarily of copies of all written discovery and responses served by all parties in this case to date. Doc. Nos. 46-1 through 46-5; Doc. No. 46-7. *Cf. Leatherwood v. Anna's Linens Co.*, No. 1:08-cv-02682-BBM-WEJ, 2009 WL 10690488, at *3 (N.D. Ga. Apr. 8, 2009) (denying *pro se* motion to compel in part because "it is unclear which of defendant's responses plaintiff contests" and for failure to meet and confer in advance of filing the motion).

And even if Plaintiff was able to overcome these deficiencies, Plaintiff does not explain the relevancy of the three categories of documents he requests: (1) "[a]ll documents of CARS Asset Partnership, Ltd and CARS Asset Group, LLC, and

---

[1] Plaintiff asserts that the parties spoke by phone on October 25, 2022 concerning "delivery of the second response for production of which defense counsel would and will not respond to because of the alleged format provided by plaintiff." Doc. No. 46. But this vague statement does not explain whether the parties ever conferred on the three categories of documents Plaintiff identifies in the present motion, nor establishes that these documents were ever requested in those discovery requests. Indeed, it does not even appear that Plaintiff has attached a copy of his second requests for production, another fatal deficiency. *See* Doc. No. 37, ¶ 3.

parties herein;" (2) "[a]ll yearly tax forms and schedules K & K-1 of Albert Isaacs, Steven Allen Isaacs, Robert Louis Isaacs, and Carmel Isaacs;" and (3) "[a]ll three Trusts of Albert Isaacs; and the Trust of Carmel Isaacs.  Albert Isaacs is trustee for Carmel Isaacs Estate while Trustee of Albert Isaacs Trust before he died."  Doc. No. 46, at 3.  "The proponent of a motion to compel discovery . . . bears the initial burden of proving that the information sought is relevant." *Creative Touch Interiors, Inc. v. Nicholson*, No. 6:14-cv-2043-Orl-40TBS, 2015 WL 5952986, at *2 (M.D. Fla. Oct. 13, 2015) (citation omitted).  The Court notes, for example, that Plaintiff is requesting, without explanation, documents related to non-parties, and provides no temporal limit on the requests.

In light of these deficiencies, Plaintiff's motion (Doc. No. 46) is **DENIED.** *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure."), *cert. denied*, 493 U.S. 863 (1989).  *See also Cotton v. G. S. Dev.*, No. 1:05-CV-116 (WLS), 2006 WL 8445882, at *3 (M.D. Ga. Sept. 19, 2006) (denying *pro se* motion to compel for failure to establish relevancy of requested discovery, and noting that "[p]roceeding *pro se* does not relieve a party, in this case Plaintiff, of the burden of compliance with the Federal Rules of Civil Procedure, the Local Rules of this Court, and standards derived therefrom." (citing *McNeil v. United States*, 508 U.S. 106 (1993))).

**DONE** and **ORDERED** in Orlando, Florida on March 6, 2023.

*Leslie Hoffman Price*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties