# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

ROBERT LOUIS ISAACS,

       Plaintiff,

v.                          Case No:   6:21-cv-1912-PGB-LHP

STEVEN ALLEN ISAACS, ESTATE
OF ALBERT ISAACS and CARS
ASSET GROUP, LLC,

       Defendants

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

     This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT (Doc. No. 53)** |
| **FILED:** | **December 12, 2022** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

## I.    INTRODUCTION.

On November 15, 2021, Plaintiff Robert Louis Isaacs, appearing *pro se*, filed the above-styled case on behalf of himself and CARS Asset Partnership, Ltd., against Defendants Steven Allen Isaacs, the Estate of Albert Isaacs, and CARS Asset Group, LLC.   Doc. No. 1.   On March 3, 2022, with leave of Court, Plaintiff filed an amended complaint, this time on behalf of himself only and adding CARS Asset Partnership, Ltd., as a Defendant, along with Steven Allen Isaacs, the Estate of Albert Isaacs, and CARS Asset Group, LLC.   Doc. No. 22.   On Defendants Cars Asset Group, LLC and Steven Allen Isaacs' motion, Doc. No. 23,[1] the Court dismissed the amended complaint as a shotgun pleading, with leave to replead, if Plaintiff could do so in accordance with Fed. R. Civ. P. 11.   Doc. No. 50.   *See also* Doc. No. 45.

On December 5, 2022, Plaintiff timely filed a second amended complaint, which is now the operative pleading.   Doc. No. 51.   Like Plaintiff's prior pleadings, the second amended complaint is not a model of clarity.   It is 59 pages in length, and includes 204 numbered paragraphs.   *Id.*   Plaintiff has also filed 67

---

[1] On May 10, 2022, the Court dismissed without prejudice and terminated as a party Defendant Cars Asset Partnership, Ltd.   Doc. No. 44.   The Estate of Albert Isaacs has not, to date, answered or otherwise responded to the amended complaint, nor has the Estate of Albert Isaacs joined in the presently pending motion to dismiss.   Given that it does not appear that the Estate of Albert Isaacs has been served in this matter, and that the Estate of Albert Isaacs does not appear to be a proper party in any event, I will recommend dismissal of the Estate of Albert Isaacs as a Defendant, as more fully discussed below.

pages of exhibits, which include the Last Will and Testament of Albert Isaacs, an Amended Trust Agreement by Albert Isaacs, and a "Victim's Constitutional Rights" pamphlet from the Casselberry Police Department.   Doc. Nos. 52, 54.[2]   The second amended complaint again appears to center around facts related to the conversion of CARS Asset Partnership, Ltd. to CARS Asset Group, LLC, and the disposition of Albert Isaacs' Estate, from which Plaintiff was excluded as a beneficiary due to language in the will which asked for Plaintiff to be considered to have predeceased Albert Isaacs.   Doc. No. 51.

As listed in the second amended complaint, Plaintiff appears to allege twelve separate causes of action:   (1) "Count – 1, Albert Isaacs Estate PREDECEASED, August 24, 2009 – violation by ALBERT ISAACS ESTATE: PREDECEASED VIOLATION OF STATUTE USE 731.103(3)"; (2) "Count – 2, Albert Isaacs Estate Breach of Contract of Trust delivery pursuant to Florida Statute 736.0813 and no limitation per fl. st. 736.0604"; (3) "Count – 3, Albert Isaacs 620.8401(1)(a) Partner's rights and duties"; (4) "Count – 4, Albert Isaacs 620.8401(2) Partner's rights and

---

[2] Recently, Plaintiff has also filed several "notices," which include copies of a premarital agreement, Florida Statutes, Federal Rules of Evidence, an Amended Trust Agreement, and Last Will and Testament of Albert Isaacs, a Petition for Administration, a Certification of Death, an Oath of Guardian, and several state court documents, some of which are duplicative of documents previously filed. *See* Doc. Nos. 58, 60–68.   However, these "notices," even if considered, are "not a substitute for well-pleaded allegations" in the complaint.   *See Yeh-Ho v. Merrill Lynch Pierce Fenner & Smith Inc.*, No. 21-81852-CIV, 2021 WL 9568005, at *2 n.1 (S.D. Fla. Nov. 5, 2021).

duties"; (5) Count – 5, Albert Isaacs 620.8404(1)(2)(3) General standards of partner's conduct"; (6) "Count – 6, Albert Isaacs 620.8601 Events causing partner's dissociation"; (7) "Count – 7, Steven Allen Isaacs 620.8801(5)(c) Events causing dissolution and winding up of partnership business"; (8) "Count 8, Albert Isaacs deceased partner requirement to settle account by backpay to both Ltd. limited partners.   620.8807 Settlement of accounts and contributions among partners"; (9) "Count – 9, Albert Isaacs Breach of Partnership Contract by Albert Isaacs 620.102 Definition"; (10) "Count 10, Steven Isaacs 2012 through 2022; Defendant Steven Allen Isaacs Failure to perform services due from LLC owed from Ltd. 608.4211(1)(4) Contributions to capital and liability for contribution"; (11) "Count – 11, 608.432(1)(a)(b)(2)(a)(b) Assignment of member's interest"; (12) "Count – 12 Steven Isaacs 608.4228 Limitation of liability of managers and managing members." *Id.* at 37–54.[3]   Plaintiff appears to seek declaratory and injunctive relief, as well as monetary relief, although the amount is unclear as Plaintiff references "$4,000,000.00," and half of "$7,293,823.99" with interest."   *Id.* at 56–58.

Plaintiff alleges that the Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, "directly a predeceasing of plaintiff Robert Louis Isaacs living

---

[3] The second amended complaint also includes a paragraph titled "Cause of Action 3 Asset Partnership, Ltd as CARS Asset Group, LLC," but it is not clear if this was intended to be a separate claim for relief.   *See* Doc. No. 51, at 40.

estate and divesting his rights to properties and money in the Albert Isaacs decedent Estate procedurally persistently upholding an incorrect Florida state death decree by presumptions and considerations and illegal procedure of requirements of Florida Statute 731.103," and that this case turns on an important federal issue.   *Id.* at 3–4, 8.   Plaintiff also briefly mentions due process and the Fifth and Fourteenth Amendments.   *E.g.*, *id.* at 7, 8, 10.

Defendants Steven Allen Isaacs and Cars Asset Group, LLC (hereinafter, collectively, "Defendants") move to dismiss the second amended complaint.   Doc. No. 53.   Defendants contend that Plaintiff's second amended complaint remains a shotgun pleading, fails to adequately allege a basis for the Court's jurisdiction, is barred by the *Rooker-Feldman* doctrine,[4] fails to state any claim, and asserts claims barred by the statute of limitations.   *Id.*   The motion has been referred to the undersigned, *see* Doc. No. 4, and with Plaintiff's response, *see* Doc. No. 55, the matter is ripe for disposition.   Upon consideration, I will respectfully recommend that the Court grant the motion, and dismiss the second amended complaint without further leave to amend.   I will further recommend that the Court *sua sponte* dismiss the claims against the Estate of Albert Isaacs.

---

[4] *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

## II.     LEGAL STANDARDS.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), so as to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).   Additionally, "[a] party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances."   Fed. R. Civ. P. 10(b).   Although a court must accept as true well pleaded allegations, it is not bound to accept a legal conclusion couched as a factual allegation.   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).   While this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."   *Id.* (quoting *Twombly*, 550 U.S. at 555).   A pleading must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."   *Twombly*, 550 U.S. at 555.   For purposes of this analysis, exhibits attached to the complaint are "part of the pleading for all purposes."   Fed. R. Civ. P. 10(c).   *See also Saunders v. Duke*, 766 F.3d 1262, 1270 (11th Cir. 2014) ("[D]ocuments attached to a complaint or incorporated in the complaint by reference can generally be considered by a federal court in ruling on a motion to dismiss under Rule 12(b)(6).").

"A complaint that fails to comply with Rules 8 and 10 may be classified as a 'shotgun pleading.'" *Luft v. Citigroup Glob. Mkts. Realty Corp.*, 620 F. App'x 702, 704 (11th Cir. 2015).[5]   Shotgun pleadings generally present in one of four ways: (1) a complaint "containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint"; (2) a complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint that fails to separate "into a different count each cause of action or claim for relief"; and (4) complaints containing "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015).   Each of these types of pleadings fails "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

Additionally, under Federal Rule of Civil Procedure 12(h)(3), a district court may at any time, upon motion or *sua sponte*, act to address the potential lack of

---

[5] "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Constr., Inc.*, 487 F.3d 1340, 1345 n.7 (11th Cir. 2007).

subject matter jurisdiction in a case. *Herskowitz v. Reid*, 187 F. App'x 911, 912–13 (11th Cir. 2006) (citing *Howard v. Lemmons*, 547 F.2d 290, 290 n.1 (5th Cir. 1977)). "[I]t is incumbent upon federal courts trial and appellate to constantly examine the basis of jurisdiction, doing so on our own motion if necessary." *Save the Bay, Inc. v. U.S. Army*, 639 F.2d 1100, 1102 (5th Cir. 1981) (citations omitted).[6]

A *pro se* complaint should be construed leniently, but a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Invs. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal*, 556 U.S. 662. *Pro se* parties must comply with the minimum pleading standards set forth in the Federal Rules of Civil Procedure and the Local Rules. *Nawab v. LVNV Funding LLC*, No. 5:12-cv-129-Oc-10PRL, 2012 WL 12918283, at *1 (M.D. Fla. Nov. 19, 2012).

## III.   ANALYSIS.

### A.   The Motion to Dismiss.

Upon consideration, Defendants' motion to dismiss (Doc. No. 53) is well taken.   First, the undersigned agrees that the second amended complaint remains a shotgun pleading.   Plaintiff's 59-page, 204-paragraph second amended complaint fails to comply with the federal pleading requirements, and does not

---

[6] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

constitute a "short and plain statement" of the claims.   The second amended complaint is lengthy, repetitive, and largely pleaded in a stream-of-consciousness manner, and fails to set forth Plaintiff's claims in a way that allows both Defendants and the Court to determine the grounds upon which Plaintiff's claims rest.   More specifically, the second amended complaint remains the second type of shotgun pleading that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action" because it fails to connect the factual allegations with the twelve causes of action, and Plaintiff peppers throughout the pleading references to various statutes and case law without connecting those legal premises with the factual allegations of the pleading.   *See* Doc. No. 51.

Accordingly, Plaintiff's second amended complaint is subject to dismissal as a shotgun pleading.   *See, e.g.*, *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356–59 (11th Cir. 2018) (affirming dismissal of amended complaint after the plaintiffs were given an opportunity to replead, even though the plaintiffs attempted "halfheartedly to cure only one of the pleading's many ailments by naming which counts pertained to each Defendant," because the 28-page, 123-paragraph, 16-count amended complaint remained "an incomprehensible shotgun pleading").   *See also Toth v. Antonacci*, 788 F. App'x 688, 691 (11th Cir. 2019) (affirming dismissal of shotgun amended complaint that did not "draw any clear lines between the legal and factual bases for [the] claims, or set forth the elements of any of [the] claims");

*Nezbeda v. Liberty Mut. Ins. Corp. (LIC)*, 306 F. Supp. 3d 1335, 1345 (N.D. Ga. 2017), *aff'd sub nom. Nezbeda v. Liberty Mut. Ins. Corp.*, 789 F. App'x 180 (11th Cir. 2019) (finding complaint a "prime example" of the type of shotgun pleading where it "require[d] the court to sift through rambling and often incomprehensible allegations in an attempt to separate the meritorious claims from the unmeritorious, resulting in a massive waste of judicial and private resources" (quotation marks and citations omitted)); *Grosz v. SunTrust Bank*, No. 8:12-cv-1336-T-23AEP, 2013 WL 12387353, at *3 (M.D. Fla. Aug. 8, 2013) (dismissing amended complaint as shotgun pleading where the amended complaint contained conclusory allegations, and allegations that were also "overly broad, incongruous, and wholly incomprehensible," in that each count alleged "several conclusions, facts, and wrongdoers," and "[t]he specific target, the theory of recovery, and the requested relief for each claim [were] impossible to discern").

Second, and more importantly, the second amended complaint fails to adequately allege that the Court has subject matter jurisdiction over this matter. There are only two possible bases for the Court to exercise jurisdiction in this case, which include federal question jurisdiction under 28 U.S.C. § 1331, or diversity jurisdiction pursuant to 28 U.S.C. § 1332. Federal question jurisdiction exists when the case arises "under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331. Diversity jurisdiction exists only when there is complete diversity

of citizenship between the parties.  *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).   In order to achieve "complete diversity," no plaintiff may be a citizen of the same state as any of the defendants.  *See id.*[7]

Here, despite Plaintiff's assertions to the contrary, the second amended complaint does not allege a federal question, as all of Plaintiff's causes of action appear to arise under state law.  *See* Doc. No. 51.   And Plaintiff's fleeting references to due process and the Fifth and Fourteenth Amendments are not enough to confer federal question jurisdiction on the Court.  *See O'Neal v. Allstate Indem. Ins. Co. Inc.*, No. 20-14712, 2021 WL 4852222, at *3 (11th Cir. Oct. 19, 2021) (citations and quotation marks omitted) ("[T]he mere reference to federal law is insufficient to establish subject matter jurisdiction—the implicated federal issue must be *substantial*.  District courts may dismiss a federal question claim for lack of subject matter jurisdiction when (1) the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction; or (2) such a claim is wholly insubstantial and frivolous."

---

[7] For diversity jurisdiction purposes, an individual is a citizen of the state in which he or she is domiciled, which is the state where the individual maintains his or her "true, fixed, and permanent home."  *McCormick v. Aderholt*, 293 F.3d 1254, 1257–58 (11th Cir. 2002).   A corporation, on the other hand, is a citizen of the state in which it is incorporated and the state in which the corporation's principal place of business is located.   28 U.S.C. § 1332(c)(1).   An unincorporated business entity, such as a partnership or limited liability company, is a citizen of every state in which each of its individual members are citizens. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004).

citations omitted)); *Chase v. DeSantis*, No. 5:22-cv-106-MW-HTC, 2022 WL 16556815, at *4 (N.D. Fla. Oct. 20, 2022), *report and recommendation adopted*, 2022 WL 16558404 (N.D. Fla. Oct. 31, 2022) ("[S]imply referring to a constitutional amendment or federal law does not create subject matter jurisdiction.").   *See also Warrington Sewer Co. v. Tracy*, 463 F.2d 771, 772 (3d Cir. 1972) ("A bare allegation of violation of the due process clause of the Fourteenth Amendment is not sufficient to confer federal jurisdiction.").

Plaintiff also does not adequately allege diversity jurisdiction.   Even assuming that the amount in controversy is satisfied, to the extent that Plaintiff attempts to assert jurisdiction based on the diversity of citizenship between the parties, Plaintiff only provides mailing addresses for himself and Defendants, which is insufficient to establish each party's citizenship.   *See* Doc. No. 51, at 1–2. Notably, each of the addresses listed are in Florida.   *See id.*   Thus, Plaintiff has not established that diversity of citizenship exists.   *See* 28 U.S.C. § 1332.[8]

---

[8] Moreover, even assuming that Plaintiff had properly alleged each party's citizenship and that the parties were diverse, the second amended complaint appears to be challenging only the distribution of the Estate of Albert Isaacs, and Plaintiff's exclusion therefrom.   *See* Doc. No. 51.   But Plaintiff's attempt to recover his alleged portion of the proceeds of the Estate would appear to fall within the probate exception to diversity jurisdiction.   *See, e.g., Holt v. Holt*, No. 6:21-cv-1115-PGB-GJK, 2022 WL 1224075, at *1 (M.D. Fla. Feb. 15, 2022), *report and recommendation adopted*, 2022 WL 2305988 (M.D. Fla. Mar. 30, 2022) (dismissing complaint under probate exception to diversity jurisdiction where the plaintiff was alleging improper distribution of her deceased father's property, and that she did not receive distributions after her father's death twenty years prior); *Grosz v. SunTrust Bank*, No. 8:12-cv-1336-T-23AEP, 2013 WL 12387353, at *4 (M.D. Fla. Aug. 8, 2013) ("To the extent that the amended complaint aims to interfere unduly with the state

Because Plaintiff's second amended complaint remains a shotgun pleading and fails to state a basis for the Court's subject matter jurisdiction, the undersigned does not address the remainder of Defendants' arguments regarding the statute of limitations or failure to state a claim, particularly given that the Court may not proceed unless subject matter jurisdiction is clear. *See United States v. Meyer*, 50 F.4th 23, 31 (11th Cir. 2022) ("[A] federal court cannot address the merits of a dispute unless it satisfies itself that subject-matter jurisdiction exists." (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101–02 (1998))).   And given that Plaintiff has already been given an opportunity to rectify the deficiencies identified herein by amendment, these deficiencies having been specifically brought to Plaintiff's attention, *see* Doc. No. 45, I will respectfully recommend that the matter be dismissed without further opportunity to replead. *See Jackson*, 898 F.3d at 1358 (a district court does not abuse its discretion in dismissing with prejudice a shotgun pleading if the plaintiff is given an opportunity to first remedy the defects and fails to do so); *Chase*, 2022 WL 16556815, at *3, *report and recommendation adopted*, 2022 WL 16558404 (N.D. Fla. Oct. 31, 2022) (dismissing *pro se* complaint without further leave

---

court's probate proceedings or to assume general jurisdiction or control of the property in the custody of the state court, the claims fall squarely within the probate exception to federal subject matter jurisdiction.").   And to the extent that Plaintiff is asking this Court to overturn any state court orders entered in the probate proceedings, such request would clearly be barred by the *Rooker-Feldman* doctrine. *See, e.g., Donnelly v. Hudson*, No. 6:18-cv-525-Orl-41TBS, 2018 WL 2122873, at *2 (M.D. Fla. Apr. 9, 2018), *report and recommendation adopted*, 2018 WL 2118904 (M.D. Fla. May 8, 2018).

to amend where the plaintiff had been given leave to amend to rectify shotgun pleading deficiencies and to adequately state a basis for the court's subject matter jurisdiction, and the plaintiff failed to do so).   But because subject matter jurisdiction has not been established, it appears that the dismissal should be without prejudice.   *See McIntosh v. Royal Caribbean Cruises, Ltd.*, 5 F.4th 1309, 1313 (11th Cir. 2021) ("If subject-matter jurisdiction does not exist, dismissal must be without prejudice.").   *See also Power v. ChromaDex, Inc.*, No. 6:22-cv-747-RBD-LHP, 2022 WL 4355735, at *1 (M.D. Fla. Sept. 20, 2022) (addressing report and recommendation recommending dismissal of a second amended complaint for both lack of subject matter jurisdiction and shotgun pleading issues, and determining that given the lack of subject matter jurisdiction, dismissal without prejudice but without further opportunity to replead was appropriate).

   B.   The Estate of Albert Isaacs.

   The second amended complaint names the Estate of Albert Isaacs as a Defendant.   Doc. No. 51.   However, the Estate of Albert Isaacs does not appear to be a properly named party to these proceedings.   *See Lara v. Hillsborough Cty. (FL) Sheriff*, No. 8:18-cv-2794-T-16SPF, 2019 WL 6251357, at *5 (M.D. Fla. Nov. 22, 2019) (dismissing estate as an improper party, and noting that it is the personal representative of the estate that is the proper party to represent an estate).   *See also De La Riva v. Chavez*, 303 So. 3d 955, 959 (Fla. 4th Dist. Ct. App. 2020) ("[I]t is well-

settled that an [e]state is not an entity that can be a party to litigation.   It is the personal representative of the estate, in a representative capacity, that is the proper party." (quotation marks and citations omitted)).

Moreover, even if the Estate of Albert Isaacs were a proper party, the docket does not reflect service of process of any version of the complaint on the Estate of Albert Isaacs.   Thus, pursuant to Federal Rule of Civil Procedure 4(m), the matter is due to be dismissed against the Estate of Albert Isaacs.   *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.   But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.").   This Report and Recommendation serves as the requisite notice to Plaintiff as required by Rule 4(m). *See, e.g.*, *BWP Media USA Inc. v. All Access Fans, Inc.*, No. 6:14-cv-337-Orl-31KRS, 2015 WL 13792163, at *2 n.2 (M.D. Fla. Mar. 25, 2015), *report and recommendation adopted*, 2015 WL 13792221 (M.D. Fla. Apr. 27, 2015); *Ranson v. Astrue*, No. 8:08-cv-1928-T-27TGW, 2009 WL 3208448, at *1 (M.D. Fla. Oct. 6, 2009).[9]

---

[9] I also note that Defendants have raised this issue in their filings on more than one occasion.   *See, e.g.*, Doc. No. 23, at 2 n.1; Doc. No. 53, at 2 n.1.

## III.   RECOMMENDATION.

For the reasons discussed herein, it is respectfully **RECOMMENDED** that the Court:

1.      **GRANT** Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. No. 53);

2.      **DISMISS** the second amended complaint (Doc. No. 51) without prejudice but without leave to amend;

3.      **DISMISS**, *sua sponte,* the claims against the Estate of Albert Isaacs; and thereafter

4.      **DIRECT** the Clerk of Court to close the file.

## <u>NOTICE TO PARTIES</u>

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's factual findings and legal conclusions.  Failure to serve written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   11th Cir. R. 3-1.

Recommended in Orlando, Florida on March 20, 2023.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy