# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**ROBERT LOUIS ISAACS,**

      **Plaintiff,**

**v.**                                              **Case No: 6:21-cv-1912-PGB-LHP**

**STEVEN ALLEN ISAACS,**
**ESTATE OF ALBERT ISAACS**
**and CARS ASSET GROUP, LLC,**

      **Defendants.**
_____/

## ORDER

This cause comes before the Court on the Defendants' Motion to Dismiss (Doc. 53 (the "**Motion**")), Plaintiff's response thereto (Doc. 55), the Honorable United States Magistrate Judge Leslie Hoffman Price's Report and Recommendation that the Court grant the motion and dismiss the case without prejudice but without leave to amend (Doc. 69 (the "**Report**")), Plaintiff's objection to the Report (Doc. 74 (the "**Objection**")), and Defendant's response (Doc. 75). Upon consideration, the Court finds that the Report is due to be adopted, the Objection overruled, and the case dismissed without prejudice.

**I.  BACKGROUND**

This case stems from a testamentary and trust dispute regarding a family business. On November 15, 2021, Plaintiff Robert Louis Isaacs ("**Plaintiff**"), appearing *pro se*, filed the above-styled case on behalf of himself and CARS Asset

Partnership, Ltd., against Defendants Steven Allen Isaacs, the Estate of Albert Isaacs, and CARS Asset Group, LLC. (Doc. 1). With leave of Court, Plaintiff filed an Amended Complaint, this time on behalf of himself only and adding CARS Asset Partnership, Ltd., as a Defendant, along with Steven Allen Isaacs, the Estate of Albert Isaacs, and CARS Asset Group, LLC. (Doc. 22). On Defendants Cars Asset Group, LLC and Steven Allen Isaacs' previous motion, the Court dismissed the amended complaint as a shotgun pleading, with leave to replead. (Docs. 23, 50).[1]

On December 5, 2022, Plaintiff timely filed a Second Amended Complaint, which is now the operative pleading. (Doc. 51). The Second Amended Complaint is 59 pages in length and includes 204 numbered paragraphs. (*Id.*). Plaintiff also attached 67 pages of Exhibits, including the Last Will and Testament of Albert Isaacs, an Amended Trust Agreement by Albert Isaacs, and a "Victim's Constitutional Rights" pamphlet from the Casselberry Police Department. (Doc. 52, 54).[2] The second amended complaint again centers around facts related to the

---

[1] On May 10, 2022, the Court dismissed without prejudice and terminated as a party Defendant Cars Asset Partnership, Ltd. (Doc. 44). The Estate of Albert Isaacs has not, to date, answered or otherwise responded to the amended complaint, nor has the Estate of Albert Isaacs joined in the presently pending motion to dismiss. Given that it does not appear that the Estate of Albert Isaacs has been served in this matter, and that the Estate of Albert Isaacs does not appear to be a proper party in any event, I will recommend dismissal of the Estate of Albert Isaacs as a Defendant, as more fully discussed below.

[2] Recently, Plaintiff has also filed several "notices," which include copies of a premarital agreement, Florida Statutes, Federal Rules of Evidence, an Amended Trust Agreement, and Last Will and Testament of Albert Isaacs, a Petition for Administration, a Certification of Death, an Oath of Guardian, and several state court documents, some of which are duplicative of documents previously filed. (*See* Docs. 58, 60, 61, 62, 63, 64, 65, 66, 67, 68). However, these "notices," even if considered, are "not a substitute for well-pleaded allegations." *See Yeh-Ho v. Merrill Lynch Pierce Fenner & Smith Inc.*, No. 21-81852-CIV, 2021 WL 9568005, at *2 n.1 (S.D. Fla. Nov. 5, 2021).

conversion of CARS Asset Partnership, Ltd. to CARS Asset Group, LLC, and the disposition of Albert Isaacs' Estate, from which Plaintiff was excluded as a beneficiary due to language in the will which asked for Plaintiff to be considered to have predeceased Albert Isaacs. (Doc. 51).

As listed in the second amended complaint, Plaintiff appears to allege twelve separate causes of action: (1) "Count – 1, Albert Isaacs Estate PREDECEASED, August 24, 2009 – violation by ALBERT ISAACS ESTATE: PREDECEASED VIOLATION OF STATUTE USE 731.103(3);" (2) "Count – 2, Albert Isaacs Estate Breach of Contract of Trust delivery pursuant to Florida Statute 736.0813 and no limitation per fl. st. 736.0604;" (3) "Count – 3, Albert Isaacs 620.8401(1)(a) Partner's rights and duties;" (4) "Count – 4, Albert Isaacs 620.8401(2) Partner's rights and duties;" (5) Count – 5, Albert Isaacs 620.8404(1)(2)(3) General standards of partner's conduct;" (6) "Count – 6, Albert Isaacs 620.8601 Events causing partner's dissociation;" (7) "Count – 7, Steven Allen Isaacs 620.8801(5)(c) Events causing dissolution and winding up of partnership business;" (8) "Count 8, Albert Isaacs deceased partner requirement to settle account by backpay to both Ltd. limited partners. 620.8807 Settlement of accounts and contributions among partners;" (9) "Count – 9, Albert Isaacs Breach of Partnership Contract by Albert Isaacs 620.102 Definition;" (10) "Count 10, Steven Isaacs 2012 through 2022; Defendant Steven Allen Isaacs Failure to perform services due from LLC owed from Ltd. 608.4211(1)(4) Contributions to capital and liability for contribution;" (11) "Count – 11, 608.432(1)(a)(b)(2)(a)(b) Assignment of member's interest;" and

3

(12) "Count – 12 Steven Isaacs 608.4228 Limitation of liability of managers and managing members." (*Id.* at pp. 37–54). The Second Amended Complaint also includes a paragraph titled "Cause of Action 3 Asset Partnership, Ltd as CARS Asset Group, LLC," but this does not appear to be a separate claim for relief. (*See id.* at p. 40).[3] Plaintiff appears to seek declaratory, injunctive, and monetary relief, but the claimed damages value is unclear as Plaintiff references both "$4,000,000.00" and half of "$7,293,823.99" with interest." (*Id.* at p. 56–58).

Plaintiff alleges that the Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, as the claims proceed from "directly a predeceasing of plaintiff Robert Louis Isaacs living estate and divesting his rights to properties and money in the Albert Isaacs decedent Estate procedurally persistently upholding an incorrect Florida state death decree by presumptions and considerations and illegal procedure of requirements of Florida Statute 731.103" and because this case turns on an important federal issue. (*Id.* at 3–4, 8). Plaintiff also briefly mentions without explanation due process and the Fifth and Fourteenth Amendments. (*See e.g.*, *id.* at pp. 7, 8, 10).

Defendants collectively moved to dismiss the second amended complaint. (Doc. 53). Defendants contended that Plaintiff's Second Amended Complaint remains a shotgun pleading, fails to adequately allege a basis for the Court's jurisdiction, is barred by the *Rooker-Feldman* doctrine, fails to state any claim,

---

[3] The Court finds that even if it were pled as a separate cause of action, this would not change the Court's ultimate conclusions.

4

and asserts claims barred by the statute of limitations. (*Id.*). After referral, on March 20, 2023 Magistrate Judge Hoffman Price recommended that the Court grant the Motion, dismiss the Second Amended Complaint without further leave to amend, and *sua sponte* dismiss the claims against the Defendant Estate of Albert Isaacs. (Doc. 69). On October 21, 2022, Plaintiff filed an Objection to the Report (Docs. 74) and Defendants responded (Doc. 75) to the Objection such that this matter is now ripe for review.

## II.   STANDARDS OF REVIEW

When a party objects to a magistrate judge's findings, the district court must "make a *de novo* determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The district court must consider the record and factual issues independent of the magistrate judge's report, as *de novo* review is essential to the constitutionality of § 636. *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512–13 (11th Cir. 1990). However, when the parties object to the findings and recommendations, "[f]rivolous, conclusive, or general objections need not be considered by the district court." *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (citation omitted).

## III.  DISCUSSION

For the following reasons, the Court grants the Motion, overrules Plaintiff's objection, adopts the Report, and dismisses the Second Amended Complaint without prejudice yet without leave to replead.

To start, the Court notes that Plaintiff's Objection mostly rehashes its previous arguments without properly addressing Magistrate Judge Hoffman Price's conclusions. In other words, Plaintiff fails to delineate why Magistrate Judge Hoffman's conclusions are in error, or when Plaintiff is construed to have done so, Plaintiff does so in an entirely conclusory fashion. For this reason alone, the Report is due to be adopted. *Knezevich v. Ptomey*, 761 F. App'x. 904, 906 (11th Cir. 2019) ("objections to a magistrate judge's recommendation and report must be 'specific' and 'clear enough to permit the district court to effectively review the magistrate judge's ruling.'"). Certainly, Plaintiff puts forward citations to legal authority, but he never explains why this authority undercuts Magistrate Judge Hoffman Price's specific conclusions. Nevertheless, the Court will independently explain why the Motion is due to be granted, the Report adopted, and the Objection overruled.

### A.  **Shotgun Pleading**[4]

---

[4]  A *pro se* complaint should be construed leniently, but a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Invs. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998). *Pro se* parties must comply with the minimum pleading standards set forth in the Federal Rules of Civil Procedure and the Local Rules. *Nawab v. LVNV Funding LLC*, No. 5:12-cv-129-Oc-10PRL, 2012 WL 12918283, at *1 (M.D. Fla. Nov. 19, 2012).

"A complaint that fails to comply with Rules 8 and 10 may be classified as a 'shotgun pleading.'" *Luft v. Citigroup Glob. Mkts. Realty Corp.*, 620 F. App'x 702, 704 (11th Cir. 2015). Shotgun pleadings generally present in one of four ways: (1) a complaint "containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint"; (2) a complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint that fails to separate "into a different count each cause of action or claim for relief"; and (4) complaints containing "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015). Each of these types of pleadings fails "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

Magistrate Judge Hoffman Price recommends a finding that the Second Amended Complaint is still the second type of shotgun pleading. (Doc. 69, pp. 8–10). The only objection that even remotely addresses this conclusion is Plaintiff's assertion that he utilized the "US District Court pro se complaint form structure" and that "counts were kept as basic as possible not to charge two people with the same offense" in crafting his Second Amended Complaint. (Doc. 74, pp. 2–3). Plaintiff's supposed reliance on the form pleading provided for *pro se* litigants and

7

his attempt to avoid a different form of shotgun pleading violation do not excuse Plaintiff's form of pleading which, at bottom, fails to adequately give Defendants adequate notice of the claims against them due to its voluminous, disorganized, and stream-of-consciousness style. *See Weiland*, 792 F.3d at 1323. Make no mistake—detail is not the problem; instead, Plaintiff does not connect the pleadings' many varied assertions to any specific cognizable causes of action that the Court can discern. As the Court already gave leave for Plaintiff to cure, the Court agrees dismissal without leave to refile is warranted. (Doc. 69, p. 16).

## B. Motion to Dismiss for Lack of Subject Matter Jurisdiction

The Court further agrees that Plaintiff fails to allege an adequate basis for the Court to exercise subject matter jurisdiction over all of the claims before it. A district court may at any time, upon motion or a *sua sponte* review of the file, address the potential lack of subject matter jurisdiction in a case. *Herskowitz v. Reid*, 187 F. App'x 911, 912–13 (11th Cir. 2006) (citing *Howard v. Lemmons*, 547 F.2d 290, 290 n.1 (5th Cir. 1977)). "[I]t is incumbent upon federal courts trial and appellate to constantly examine the basis of jurisdiction, doing so on our own motion if necessary." *Save the Bay, Inc. v. U.S. Army*, 639 F.2d 1100, 1102 (5th Cir. 1981);[5] *United States v. Meyer*, 50 F.4th 23, 31 (11th Cir. 2022) ("[A] federal

---

[5] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

8

court cannot address the merits of a dispute unless it satisfies itself that subject-matter jurisdiction exists.").

The Court agrees that, even charitably interpreted, it has neither federal question nor diversity jurisdiction over this case. Federal question jurisdiction exists when the case arises "under the Constitution, laws, or treaties of the United States." See 28 U.S.C. § 1331. Diversity jurisdiction exists only when there is complete diversity of citizenship between the parties. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). In order to achieve "complete diversity," no plaintiff may be a citizen of the same state as any of the defendants. *Id.*

The Second Amended Complaint does not plead a federal question. (*See* Doc. 51). Despite passing reference to the Due Process Clause of either the Fifth or Fourteenth Amendments, Plaintiff does not explain in even a rudimentary fashion why his allegations qualify as cognizable constitutional claims. *O'Neal v. Allstate Indem. Ins. Co. Inc.*, No. 20-14712, 2021 WL 4852222, at *3 (11th Cir. Oct. 19, 2021) (citations and quotation marks omitted) ("[T]he mere reference to federal law is insufficient to establish subject matter jurisdiction—the implicated federal issue must be substantial. District courts may dismiss a federal question claim for lack of subject matter jurisdiction when (1) the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction; or (2) such a claim is wholly insubstantial and frivolous."). Moreover, Plaintiff entirely fails to address federal jurisdiction in his Objection. (*See* Doc. 74).

Plaintiff finally fails to allege complete diversity under 28 U.S.C. § 1332. Indeed, the only allegations potentially related to citizenship tend to demonstrate all parties in this case are Florida citizens. (*See* Doc. 51, pp. 1–2). In any event, the claims regarding the disposition of the Estate of Albert Isaacs would appear to be barred by the probate exception to diversity jurisdiction. *See, e.g.*, *Holt v. Holt*, No. 6:21-cv-1115, 2022 WL 1224075, at *1 (M.D. Fla. Feb. 15, 2022), *report and recommendation adopted*, 2022 WL 2305988 (M.D. Fla. Mar. 30, 2022). Yet again, the Plaintiff fails to address these jurisdictional defects in the Objection. (*See* Doc. 74). Consequently, the Court cannot exercise jurisdiction over this case, so dismissal must be without prejudice. *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys.*, Inc., 524 F.3d 1229, 1232 (11th Cir. 2008). Nevertheless, the Court will not provide leave to replead as the Court has already provided opportunities for Plaintiff to fix these pleading deficiencies. *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356–59 (11th Cir. 2018) (affirming dismissal of amended complaint after the plaintiffs were given an opportunity to replead yet failed to cure).

## IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. United States Magistrate Judge Leslie Hoffman Price's Report and Recommendation, filed on March 20, 2023 (Doc. 69), is **ADOPTED** and **CONFIRMED** and made a part of this Order;

2. Defendants' Motion to Dismiss is **GRANTED** (Doc. 53);

3. Plaintiff's Objection (Doc. 74) is **OVERRULED**;

4. The Second Amended Complaint (Doc. 51) is **DISMISSED WITHOUT PREJUDICE** yet without leave to replead; and

5. The Clerk of Court is **DIRECTED** to close the file.

**DONE AND ORDERED** in Orlando, Florida on April 24, 2023.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties